

**Andrew W. Schilling**
810 Seventh Avenue
Suite 305
New York, NY 10019
(212) 551-7881
ASchilling@schillinglaw.com

May 12, 2026

**By ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      **Re:**     *Shuman v. The City of New York et al.*, **No. 26-CV-03805-JPC (S.D.N.Y.)**
             **("Shuman")**

Dear Judge Cronan:

We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") to respectfully oppose Plaintiff Fadi Shuman's request to designate this case as related to a case currently pending before Judge Subramanian – *Khalil et al. v. The Trustees of Columbia University in the City of New York et al.*, No. 25-CV-2079-AS (S.D.N.Y.) ("Khalil"). Related Case Statement, *Shuman*, ECF No. 4 ("Related Case Statement"); *see also* Local Rule 1.6(a); Rule 13(b)(1), Rules for the Division of Business Among District Judges, Southern District of New York ("Rules for the Division of Business").

As a threshold matter, the request is procedurally improper. Mr. Shuman submitted his request only *after* this case had been assigned to Your Honor—not, as the Rules require, at the time of filing. Rule for the Division of Business 13(b)(1) (directing that a "person filing . . . shall disclose on the Civil Cover Sheet any contention of relatedness and shall file a Related Case Statement" "[w]hen a civil case is filed"). In this context, the risk of judge shopping—or at least the perception of judge shopping—is present, and the rule should be strictly applied to guard against that risk.

Even if the request were procedurally proper, it should be denied on the merits because the two cases are not related. *Shuman*—a false arrest and excessive use of force case—involves, with the exception of Columbia, entirely different parties, different facts, and different legal arguments than those at issue in *Khalil*. Under Plaintiff's logic, any and all lawsuits against Columbia that arise out of the pro-Palestinian campus protests must be heard by the same judge. But the rules plainly state "[c]ivil cases shall not be deemed related merely because they involve common legal issues." Rule for the Division of Business 13(a)(2)(A). And Plaintiff offers no other basis to support his request. *See* Related Case Statement. Designating these cases as related would therefore hinder, not serve, "the interests of justice and efficiency." Rule for the Division of Business 13(a)(1).

Page 2

Mr. Shuman's request also fails to meet any of the relevant factors that courts consider in determining whether cases are related, including whether "(A) the actions concern the same or substantially similar parties, property, transactions, or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." Rule for the Division of Business 13(a)(1); *see also id.* 13(a)(2)(A) ("Civil cases shall not be deemed related merely because they involve common legal issues or the same parties."). None of those factors supports deeming these cases related.

*First*, these cases do not "concern the same or substantially similar parties, property, transactions or events." Of the ten defendants named in *Khalil*, only one—Columbia—is named in *Shuman*, and Shuman names fourteen other defendants in addition to Columbia. Furthermore, Mr. Shuman's claims arise entirely out of events that took place on May 7, 2025, Compl. ¶ 1, *Shuman*, ECF No. 1 ("*Shuman* Compl."), almost a month *after* plaintiffs in *Khalil* filed their operative complaint on April 18, 2025. Second Am. Compl., *Khalil*, ECF No. 62 ("*Khalil* Compl."). Of the thirteen causes of action asserted by Mr. Shuman, most arise under New York statutory or common law, including several tort claims, with no relation to the legal issues in dispute in *Khalil*. Compare *Shuman* Compl. at 15–28, with Opinion & Order at 5–20, *Khalil*, ECF No. 175.

*Second*, there is no "substantial factual overlap" between these cases, nor any risk of "conflicting orders." Mr. Shuman's complaint challenges his treatment in connection with his arrest on May 7, 2025, and makes no allegations concerning the definitions of antisemitism referenced in Columbia's anti-discrimination policy or Columbia's response to February 13, 2025 document requests from the U.S. House of Representatives Committee on Education and Workforce—the subject of Plaintiffs' remaining claims in *Khalil*. *See* Opinion & Order at 6–7, 9–12, *Khalil*, ECF No. 175. Although Mr. Shuman alleges that the cases "both deal with the First Amendment consequences of Columbia Universities [sic] actions against its students in connection with those students' political advocacy," Related Case Statement at 2, that vague contention is insufficient to constitute "substantial factual overlap." In fact, Mr. Shuman does not even claim to have been engaged in any "political advocacy," but rather alleges that he "was working on a final paper" in the library and proceeded to document a protest as an "independent photojournalist." *See Shuman* Compl. ¶¶ 46, 52.

Moreover, Mr. Shuman's First Amendment claims for damages against Columbia, brought under 42 U.S.C. § 1983, *Shuman* Compl. at 22–24, are distinct from the First Amendment claims seeking injunctive relief against Columbia in *Khalil*. In *Khalil*, Plaintiffs allege that Columbia was engaged in state action, and therefore bound by the First Amendment, because of alleged coercion by *federal* government actors. *Khalil* Compl. at 62–66. But Mr. Shuman's case brings no claims against federal government officials and relies on a cause of action, 42 U.S.C. § 1983, which "appl[ies] only to state actors, not federal officials." *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) (citing *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991)). Any allegations of the federal government's "so-called 'jaw-boning' . . . such that Columbia was effectively a state actor," Related Case Statement at 2, are irrelevant to Mr. Shuman's claims. *See, e.g., Perez v. Horseracing Integrity & Safety Auth.*, 797 F. Supp. 3d 155, 162–63 (E.D.N.Y. 2025) (dismissing

Page 3

Section 1983 claims against private entity allegedly acting at direction of Federal Trade Commission as "purely federal").

*Third*, there would be no "substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses" absent a determination of relatedness. Mr. Shuman states that "the discovery in the actions will necessarily cover much of the same ground, so burdens on the Court and the parties would be reduced by coordination of discovery." Related Case Statement at 2. But for the reasons stated above, there will be no overlapping discovery. Even so, coordination would be impracticable: all discovery in *Khalil* is scheduled to be completed by September 18, 2026, Civil Case Management Plan & Scheduling Order, *Khalil*, ECF No. 179, whereas Mr. Shuman has not yet even served defendants.[1]

For all the foregoing reasons, designating these cases as related would not serve "the interests of justice and efficiency." *See* Rule for the Division of Business 13(a)(1). Columbia respectfully requests that Mr. Shuman's request be denied.

Respectfully submitted,

Andrew W. Schilling

---

[1] Columbia's appearance in this case is for the limited purpose of opposing Mr. Shuman's request. Columbia does not waive any defenses related to personal jurisdiction or insufficient service of process.