**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

**Gideon@GideonLaw.com***
**GideonLaw.com**

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

**Not for service*

August 31, 2026

BY ECF and E-Mail to Chambers
Hon. John Peter Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Courtroom 218
New York, NY 10007

**Re: Fadi Shuman v. The City of New York, et al, 1:26-cv-03805 (JPC)**

Your Honor:

I am co-counsel for Plaintiff. I write to ask that the Court (1) extend the date by which Plaintiff must serve Defendants Dalwayne Walcott and Victor Garcia (the "Pinkerton Defendants") from September 3, 2026 to October 3, 2026 or another date to be determined by the Court; and (2) order Defendant Pinkerton Consulting & Investigations, Inc. ("Pinkerton") to provide current addresses at which Plaintiff can serve the Pinkerton Defendants by a reasonable date certain in advance of any extended service date.

On July 31, 2026, Plaintiff made one prior application to adjust the previous August 6, 2026 service deadline of the May 7, 2026 Complaint in the case, which the Court granted in part, extending the deadline to September 3, 2026. *See* ECF 27, 28.

Counsel for Allied Universal ("Allied") takes no position on the applications with respect to Pinkerton. The Columbia Defendants[1] consent to the extension application and take no position on the other application. Plaintiff does not know Pinkerton's position. In addition to the outreach detailed below, I am e-mailing a copy of this application to Adam Bloomenstein, Esq., Pinkerton General Counsel upon filing it.

As seen in Plaintiff's prior application (ECF 27), Plaintiff has diligently sought to obtain service information for, and to serve, the Pinkerton Defendants. For example, in addition to testifying at a pre-litigation hearing held pursuant to New York General Municipal Law 50-h, Plaintiff repeatedly contacted counsel for the Columbia Defendants,

---

[1] The "Columbia Defendants" are Defendants The Trustees of Columbia University ("Columbia"), Patrick Oakley, Mathew Coleman, Edgars Trapss, Donald Gannon, and Cameron Johnson, all of whom have been served.

Allied, and Pinkerton seeking to identify (in some cases) and obtain service information for them. In response to Plaintiff's efforts, counsel for the Columbia Defendants provided identification and service information related to the Columbia Defendants (and in some cases others), and counsel for Allied have recently confirmed their representation of Defendants Shakur Stoves-Boston and Carlos Delarosa (the "Allied Defendants") and that Allied will execute service waivers with respect to them.

However, Pinkerton has not provided information about the Pinkerton Defendants. As the Court knows, Plaintiff's counsel e-mailed Adam Bloomenstein, Esq., Pinkerton General Counsel, on July 8, 23, and 29, asking if Pinkerton would consent to service by e-mail on the Pinkerton Defendants and, if not, seeking service information for the Pinkerton Defendants, without response. Plaintiff's July 31, 2026 application seeking additional time to complete service followed son thereafter. *See* ECF 27.

On August 20, 2026, Plaintiff filed the First Amended Complaint (ECF 33, the "FAC") naming Pinkerton as a party and substituting full and correct names for several other defendants. On August 26, 2026, the Court issued new summonses running to Pinkerton and the Pinkerton Defendants. ECF 44-46.

On August 27, 2026, I e-mailed Pinkerton General Counsel Bloomenstein informing him that we had filed the FAC naming Pinkerton, as well as the Pinkerton Defendants, asking if Pinkerton would accept service for the Pinkerton Defendants, or, in the alternative, provide service information for the Pinkerton Defendants promptly, by noon on August 28, 2026, and seeking a meet and confer in the event Pinkerton did not agree to accept service or provide responsive service information by then.

Plaintiff served Pinkerton via the New York Secretary of State on August 28, 2026.

When noon came and went on August 28, 2026 without a response from Pinkerton to my August 27 e-mail, I again e-mailed counsel for Pinkerton stating that I would be filing an application asking for an Order compelling Pinkerton to provide current or last known addresses, e-mail addresses, and phone numbers for the Pinkerton Defendants.

This morning, I received an e-mail from a Corporate Paralegal at Pinkerton stating, in substance, that Pinkerton had not yet received confirmation of service of the FAC and would "review and respond accordingly" upon receipt. Pinkerton's e-mail did not address the issue of serving the Pinkerton Defendants.

Past the above efforts, Plaintiff has also engaged a Private Investigator to find home addresses for the Pinkerton Defendants, without success thus far.

Against the above backdrop, Plaintiff now respectfully requests that the Court extend the date by which Plaintiff must serve the Pinkerton Defendants from September 3, 2026 to October 3, 2026 or another date to be determined by the Court, and order Defendant Pinkerton to provide current addresses at which Plaintiff can serve the Pinkerton Defendants by a reasonable date certain in advance of any extended service date.

Thank you for your attention to this matter.

Respectfully submitted,

Gideon Orion Oliver

Plaintiff's deadline to serve Defendants Dalwayne Walcott and Victor Garcia is extended until October 3, 2026. The Clerk of Court is respectfully directed to close Dkt. 47.

SO ORDERED
September 1, 2026

JOHN P. CRONAN
United States District Judge