COHEN & GREEN

**By ECF** September 9, 2026

The Honorable John P. Cronan
United States District Court, Southern District of New York

**Re:** *Shuman v. The City of New York et al.*, 26-CV-03805 (JPC)

Dear Hon. Judge Cronan:

We represent Plaintiff Fadi Shuman and write pursuant to Rule 6 of Your Honor's Individual Rules in response to ECF 57, the letter of Defendants The Trustees of Columbia University and the Columbia University Individual Defendants (together, "Columbia Defendants") requesting a pre-motion conference regarding their anticipated motion to dismiss the First Amended Complaint ("FAC"). Plaintiff intends to oppose the anticipated motion in full.

**1. The FAC Plausibly Alleges State Action on Two Separate Grounds.**

First, the FAC alleges that Columbia's response to the May 7th demonstration, including Columbia's assault and arrest of Plaintiff, were a direct response to the federal government's coercion and/or significant encouragement of Columbia to take such action. Specifically, the FAC alleges that the federal government cancelled $400 million in grants to Defendant Columbia because of Defendant's perceived response to pro-Palestine protests. FAC ¶ 31. The federal government then conditioned formal negotiations for the return of such funding on Columbia's acceptance of nine demands related to its treatment of students engaged in pro-Palestine speech. FAC ¶¶ 29-49. Defendant Columbia wholly succumbed to those demands, one of which included that Columbia "expand the number of … security personnel and grant them the ability to arrest and remove" students. FAC ¶¶ 35, 39. As a result, Columbia was able to enter negotiations for the restoration of that funding—negotiations which were actively ongoing at the time of the incident at issue. FAC ¶ 48. As alleged, Columbia Defendants' response to the demonstration, and its assault and arrest of Plaintiff, were a direct reaction to that pressure, and an attempt to appease the Trump Administration. FAC ¶¶ 92-93. And as alleged, those efforts worked. FAC ¶ 94.

This Court has already assessed Columbia's response to the federal government's pressure regarding pro-Palestine speech and, at the motion to dismiss stage on similar facts, found it sufficient to render Columbia a state actor. *Khalil et al. v. Trustees of Columbia University et al.,* 833 F Supp 3d 404 (SDNY 2026). Like in *Khalil*, the FAC here alleges facts sufficient to plead that the events at issue are "'fairly attributable' to the government under both the 'close nexus' and 'compulsion' theories of state action." *Id.* at 40.

Second, the FAC alleges that Columbia's appointment of its employees as "Special Patrolmen," coupled with the authority conferred by that appointment under state law, also independently rendered Columbia a state actor. The FAC alleges that Columbia Defendants obtained the appointment of at least 36 of its employees as "Special Patrolmen" under N.Y. Crim. Proc. Law § 2.10(27), each individually "appointed and sworn in by the NYPD Police Commissioner" after undergoing "the NYPD's application process," and each thereby vested with all of the powers and duties of an NYPD patrol officer, including the power to arrest and issue criminal summonses. FAC

¶¶ 40–43. The FAC alleges that "some or all" of the Individual Defendants held that status, FAC ¶ 44, and that the Individual Defendants who assaulted, arrested, and criminally charged Plaintiff exercised precisely that state-conferred authority. FAC ¶¶ 79–84.

The facts here are materially different from a private guard's generic authority to eject a trespasser, and from the cases Columbia Defendants cite. *Cancel v. Amakwe* involved a nightclub security guard with no alleged individual grant of police authority at all; the plaintiff's theory rested solely on the City's *general* licensing and regulation of security guards, which this Court rejected as insufficient to create state action. 551 F. App'x 4, 7 (2d Cir. 2013). The FAC pleads something categorically different: the individual appointment and swearing-in of Columbia employees by the NYPD Commissioner, conferring the specific state power actually exercised against Mr. Shuman. *Milton* is equally inapposite. In *Milton*, there was no allegation of any Special Patrolman appointment or other state delegation at all. The court dismissed the § 1983 claims against the Columbia defendants there because the complaint was silent as to any "entanglement" between the state and the university. *Milton v. Alvarez*, No. 04 CIV. 8265SAS, 2005 WL 1705523, at *3 (SDNY 2005). And critically, the security officer there did not himself arrest the plaintiff or swear out charges; it was an actual NYPD officer who arrived, investigated, and made the arrest. *Id.* at *1. Here, by contrast, the FAC alleges that Special Patrolman Delarosa (not an NYPD officer summoned after the fact) personally swore out and issued the criminal summonses against Mr. Shuman. FAC ¶ 84. *Milton* did not present, and its silence on entanglement does not resolve, the question this case actually poses: whether a private university employee who is personally deputized with state arrest power, and who personally exercises it, acts under color of law when he does so.

Even *Kalfus*, on which Columbia Defendants also erroneously rely, recognized that "the special patrolmen ... acted under color of state law when they arrested Kalfus." The hospital escaped liability only because the antecedent order to leave private property was itself lawful. *Kalfus v. N.Y. Presbyterian Hosp.,* 476 F.476 F. App'x at 879 (2d Cir. 2012). Here, Plaintiff challenges the seizure and prosecution themselves, not merely a request that he leave. *Biswas* is also inapposite: it is a nonprecedential summary order, *Biswas v. Rouen*, 2d Cir. R. 32.1.1, arising from a pro se plagiarism and copyright dispute in which the pro se plaintiff never alleged any Special Patrolman status, arrest, or delegation of police power. The single sentence Columbia Defendants quote that "Columbia University and its employees are private actors" rests entirely on *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014), a general state-action case that itself involved no special-patrolman or delegated-arrest-authority theory; the panel had no occasion to consider, and did not address, the theory Plaintiff presses here.

Nor is Rule 8 a barrier. The FAC identifies the specific mechanism (NYPD appointment and swearing-in of 36 named-category Columbia employees), the timing (in direct response to the federal government's March 13 ultimatum), and the conduct through which that authority was exercised against Plaintiff. Which particular officers held that status on May 7, 2025 is a fact peculiarly within Columbia's own personnel records and precisely the circumstance in which pleading "upon information and belief" is proper, and discovery, not dismissal, is the appropriate mechanism to test it. *See Khalil,* at 40 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 93 (1982) ("[u]nder either [state action] test, the Court must engage in a 'necessarily fact-bound inquiry,' and here, plaintiffs haven't



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

even gotten discovery yet. Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance.")

**2. The FAC Plausibly Alleges Municipal-Style Liability Against Columbia.**

The Columbia Defendants mischaracterize Plaintiff's theory as one of *respondeat superior*. The FAC alleges that Columbia's own senior leadership publicly, and in direct response to the federal government's withholding of a substantial amount of funding, made the decision to arm its security force with state arrest power and to impose "meaningful discipline" (defined by the federal government as "expulsion or multi-year suspension") on students involved in pro-Palestinian protest activity. FAC ¶¶ 29–48. That is "conduct ordered by an official with policymaking authority," one of the recognized bases for policy-or-custom liability. *Washington v. Eaton*, 2021 WL 3291658, at *6 (D. Conn. Aug. 2, 2021). It is precisely the allegation that both cases Columbia Defendants cite found missing: in *Bektic-Marrero*, the *Monell* claim against the private medical-school employer failed because "the Report does not provide notice to any policymakers at [the school] none of whom are identified in the Complaint," *Bektic-Marrero v. Goldberg,* 850 F. Supp. 2d 418,433, and in *Washington v. Eaton*, the *Monell* claim against Yale failed for the identical reason: no allegation that Yale's own policymakers had notice of, let alone ordered, the challenged conduct. *Washington* 2021 WL 3291658, at *10. Here, the FAC names the specific Columbia officials who adopted the policy and quotes their own public statements adopting it. FAC ¶¶ 32, 33, 37, 95, 96. Plaintiff's assault and arrest are alleged to be the direct product of that highly publicized top-down policy choice, not the isolated act of a rogue employee.

**3. The Remaining Claims Rise or Fall with State Action, Which Is Adequately Pled.**

The Sixth Claim (state constitution) and the Twelfth and Thirteenth Claims (N.Y. Civil Rights Law § 79-P and N.Y.C. Admin. Code § 14-189) (together "the Right to Record laws") all require the same "color of law" showing addressed above and survive for the same reasons. And the Right to Record laws explicitly cover Special Patrolmen. FAC ¶¶ 169, 183. *Reyes* does not compel dismissal: it held only that the right-to-record statutes do not apply *inside* the publicly accessible lobbies of *police stationhouse*, expressly declined to "opine as to the full scope of the RTRAs' application," and grounded its holding in the contrast between that narrow, security-sensitive setting and "outdoor public spaces." *Reyes v. City of New York*, -- N.E.3d --, 2026 WL 1790855, at *2 *4 (N.Y. June 23, 2026). Mr. Shuman was recording in a university library reading room and stairwell to which students and non-students had general access which was nothing like a police stationhouse therefore *Reyes*' rationale does not extend to that setting.

Additionally, because Plaintiff's federal claims are adequately pled, the Columbia Defendants' request that the Court decline supplemental jurisdiction over the state common-law claims is premature.

For the foregoing reasons, Plaintiff respectfully submits that dismissal is not warranted and intends to oppose Columbia Defendants' anticipated motion. Plaintiff agrees with Defendants' proposal regarding a briefing schedule. We thank the Court for its consideration of this submission.

Respectfully submitted,



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

**COHEN&GREEN P.L.L.C.**

By: *Leena Mohmoud Widdi*
Leena M. Widdi
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
leena@femmelaw.com

**GIDEON ORION OLIVER**

277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**THE ABOUSHI LAW FIRM P.L.L.C.**

Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com

*Attorneys for Plaintiff*
**cc:** All Counsel of Record (By ECF)