Schilling Law LLC
NEW YORK

**Andrew W. Schilling**
810 Seventh Avenue
Suite 305
New York, NY 10019
(212) 551-7880
ASchilling@schillinglaw.com

September 18, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re:** *Khokhar et al. v. The Trustees of Columbia University in the City of New York et al.*, No. 26 Civ. 08135 (S.D.N.Y.) ("*Khokhar*");

*Shuman v. The City of New York et al.*, No. 26 Civ. 3805 (JPC) (S.D.N.Y.) ("*Shuman*");

*Khalil et al. v. The Trustees of Columbia University in the City of New York et al.*, No. 25 Civ. 2079 (AS) (S.D.N.Y.) ("*Khalil*")

Dear Judges Subramanian and Cronan:

We respectfully submit this letter on behalf of The Trustees of Columbia University in the City of New York ("Columbia"), which is a defendant in each of the above-referenced cases, to oppose Plaintiffs' request to designate *Khokhar* as related to *Khalil*. *See* Related Case Statement, *Khokhar*, ECF 3 ("Related Case Statement"); *see also* Local Rule 1.6(a); Rule 13(b)(1), Rules for the Division of Business Among District Judges, Southern District of New York ("Rules for the Division of Business").

As explained below, *Khokhar* involves largely different parties, different facts, and different legal arguments than those at issue in *Khalil*. Designating these cases as related would therefore hinder, not serve, "the interests of justice and efficiency." Rule for the Division of Business 13(a)(1). Furthermore, accepting *Khokhar* as related to *Khalil* would encourage impermissible forum shopping because the designation represents an obvious attempt to avoid having *Khokhar* assigned to Judge Cronan, who is handling the *Shuman* case. Like *Shuman*, *Khokhar* relates to Columbia's response to the same May 7, 2025 disruption at Columbia's Butler Library, and includes multiple overlapping defendants and claims. Accordingly, the Court should reject Plaintiffs' designation of *Khokhar* as related to *Khalil*.

Plaintiffs' request to designate *Khokhar* as related to *Khalil* fails to meet any of the relevant factors that courts consider in determining whether cases are related, including whether "(A) the actions concern the same or substantially similar parties, property, transactions, or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and

(D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." Rule for the Division of Business 13(a)(1); *see also id.* 13(a)(2)(A) ("Civil cases shall not be deemed related merely because they involve common legal issues or the same parties.").

*First*, *Khokhar* and *Khalil* do not "concern the same or substantially similar parties, property, transactions or events." Although Columbia is a common party to both cases, that is hardly unique for a large institution, and the differences in parties predominate. For example, *Khokhar* names two corporate defendants (security firms Universal/Allied and Pinkerton) and nine individual defendants who are not parties to *Khalil* and names no federal government entities or individuals. In contrast, *Khalil* does not name any of the corporate entities sued in *Khokhar* and names only one of the individual defendants sued in *Khokhar*. Notably, there are multiple common defendants as between *Khokhar* and *Shuman*: both of those cases name as defendants Columbia, Universal/Allied, Pinkerton, Victor Garcia, and other public safety and security officers. Also, *Khokhar* is a class action, and the definition of the class is so broad that it would arguably include Plaintiff Shuman himself. *See* ECF 1 ("*Khokhar* Compl.") at ¶¶ 129-130.

Furthermore, Plaintiffs' claims in *Khokhar* arise out of events that took place during and as a result of the Butler Library disruption on May 7, 2025, *Khokhar* Compl. at ¶ 1, almost a month *after* the *Khalil* plaintiffs filed their second amended complaint on April 18, 2025.[1] Second Am. Compl., *Khalil*, ECF 62 ("*Khalil* Compl."). Of the thirteen causes of action asserted by Plaintiffs in *Khokhar*, most arise under New York statutory or common law, including several tort claims, with no relation to the First Amendment and state action issues in dispute in *Khalil*. *Compare Khokhar* Compl. Claims 1-6 & 13; *with* Opinion & Order at 5-20, *Khalil*, ECF 175. Again in contrast, both *Khokhar* and *Shuman* assert New York common law claims for assault, battery, and excessive force against several public safety and security officers of Columbia, Universal/Allied, and Pinkerton.

*Second*, there is no "substantial factual overlap" between *Khokhar* and *Khalil*, nor any risk of "conflicting orders." Plaintiffs' complaint in *Khokhar* challenges their treatment by Columbia Public Safety officers and contract security officers in connection with events at Butler Library on May 7, 2025, and makes no allegations concerning the definitions of antisemitism referenced in Columbia's anti-discrimination policy or Columbia's response to the February 13, 2025 document requests from the U.S. House of Representatives Committee on Education and Workforce—the subject of the plaintiffs' remaining claims in *Khalil*. *Compare Khokhar* Compl. ¶¶ 48-73 *with* Opinion & Order at 6-7, 9-12, *Khalil*, ECF 175. Further, the Complaint in *Khokhar* challenges disciplinary action taken against Plaintiffs, which involve disciplinary proceedings that are not at issue in *Khalil*. *Khokhar* Compl. ¶¶ 80-88. Although Plaintiffs allege in their Related Case Statement that "[b]oth cases center on the same March 13, 2025 letter from the House Committee on Education and Workforce's Joint Task Force," the fact that Plaintiffs will apparently cite to the same letter in both cases hardly constitutes "substantial factual overlap."

*Third*, there would be no "substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses" absent a determination of relatedness between *Khokhar*

[1] Although the *Khalil* plaintiffs have subsequently filed a third amended complaint, *Khalil*, ECF 215, that pleading only added an additional plaintiff; it did not contain new factual allegations post-dating the second amended complaint.

and *Khalil*. Plaintiffs' Related Case Statement does not even contend that the discovery in *Khokhar* and *Khalil* will cover the same ground or involve the same witnesses. Nor could they, as there will be no overlapping discovery. Even so, coordination would be impracticable: all discovery in *Khalil* is scheduled to be completed by January 19, 2027, *Khalil*, ECF 210, whereas Plaintiffs here have not yet even served Defendants.[2] Again in contrast, because *Khokhar* and *Shuman* both arise out of the Public Safety response to the May 7, 2025 Butler Library disruption, there is likely to be more overlap between witnesses and documents in *Khokhar* and *Shuman*, particularly given that both cases involve the actions of Columbia Public Safety officers and the employees of Columbia's two contract security firms, Universal/Allied and Pinkerton.

For all the foregoing reasons, designating *Khokhar* as related to *Khalil* would not serve "the interests of justice and efficiency." Rule for the Division of Business 13(a)(1). Moreover, accepting *Khokhar* as related to *Khalil* would reward impermissible judge-shopping, given Plaintiffs' obvious intention of avoiding having *Khokhar* designated as related to *Shuman*, which also relates to Columbia's response to the May 7, 2025 Butler Library disruption. Columbia therefore respectfully requests that Plaintiffs' request be denied, and that *Khokhar* be assigned by the clerk by random selection or, in the alternative, designated as related to *Shuman*.

Respectfully submitted,

Andrew W. Schilling

cc: All Counsel of Record
By ECF

[2] Columbia's appearance in this case is for the limited purpose of opposing Plaintiffs' request. Columbia does not waive any defenses related to personal jurisdiction or insufficient service of process.