KKL

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

September 24, 2026

By ECF/E-Mail

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

**_Re:_ _Shuman v. City of New York et al._, 26 Civ. 3805 (JPC)**

Dear Judge Cronan:

We represent defendants Allied Universal Security Services ("Allied"), Shakur Stoves-Boston, and Carlos De La Rosa (together, the "Allied Defendants"). Pursuant to Rule 6(A) of the Court's Individual Rules, we respectfully request a pre-motion conference regarding the Allied Defendants' anticipated motion to dismiss the First Amended Complaint (ECF No. 40, hereafter "FAC").[1]

## I. Background and Procedural History

Allied is a private company that provides, among other things, contract security services to private and public sector entities, including Columbia University ("Columbia"). Mr. Stoves-Boston and Mr. De La Rosa are former Allied employees, and were both present and working at Columbia on May 7, 2025, when the protest at Butler Library occurred.

Plaintiff Fadi Shuman brings state and federal constitutional claims against the Allied Defendants arising from allegations that during the protest, Mr. Stoves-Boston "tackled" Plaintiff, and Mr. De La Rosa swore out two summonses charging Plaintiff with trespass and disorderly conduct. FAC ¶¶ 61, 84. Plaintiff also alleges that the Allied Defendants are liable under New York State and City "right to record" statutes and New York state common law.

## II. The Allied Defendants' Anticipated Motion to Dismiss

### A. The FAC Fails to State Claims Under 42 U.S.C. § 1983 (Claims 7-10)

The Court should dismiss the Section 1983 claims against the Allied Defendants because (i) the FAC fails to plead that the Allied Defendants are state actors; (ii) the FAC fails to plead

[1] The deadline for Defendants Stoves-Boston and De La Rosa to respond to the FAC is October 30, 2026. ECF Nos. 50, 55. While Mr. Stoves-Boston and Mr. De La Rosa join this letter for the convenience of the Court and the parties (and anticipate filing one omnibus motion to dismiss together with Allied at the appropriate time), they reserve the right to notify the Court of additional arguments by October 30.

that the Allied Defendants engaged in any state action; and (iii) Allied is a private company that cannot be held liable for any constitutional torts by its employees.

*First*, it is well settled that Section 1983 liability only attaches to state actors. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015). Allied is a private company that provides security services to commercial and corporate clients. FAC ¶ 14. The FAC fails to allege that any of the Allied Defendants are state actors, and without such an allegation, Plaintiff cannot sustain the Section 1983 claims against the Allied Defendants.

To the extent Plaintiff intends to rely on *Khalil v. Trustees of Columbia University*, 833 F. Supp. 3d 404 (S.D.N.Y. 2026), that case has no bearing on Allied's alleged liability. In *Khalil*, the plaintiffs alleged that the federal government directed Columbia to disclose the plaintiffs' disciplinary records and threatened to cancel substantial federal funding unless Columbia adopted a policy that would suppress protected political speech. 833 F. Supp. 3d at 427–30. The court held that the plaintiffs had stated a claim against Columbia under Section 1983 based on both a "close nexus" theory that rendered Columbia's actions "fairly attributable" to the government, and a "compulsion" theory of state action. *Id.* at 427. But here, the FAC does not include any factual allegations concerning Allied that amount to state action under either theory. Indeed, Allied is not alleged to have had any contact with the federal government or taken any actions because of directives or pressure from the government. *See* FAC ¶¶ 29–49.

*Second*, setting aside the failure to allege state *actors*, the FAC fails to allege actionable state *action*. Neither of the activities that the individual Allied defendants are alleged to have undertaken are actionable under Section 1983. Importantly, that the FAC alleges certain individuals had "special patrolman" status does not automatically trigger Section 1983 liability. Private security guards granted special patrolman status do not lose their private status entirely or for all purposes. Rather, special patrolmen act under color of state law only when they take action that would not be possible but for their special patrolman status, like making an arrest. *Kalfus v. N.Y. & Presbyterian Hosp.*, 476 F. App'x 877, 879–80 (2d Cir. 2012) (summary order) (holding special patrolmen did not act under color of state law in ejecting photographer from private hospital "merely because the special patrolmen subsequently acted under color of state law when they arrested" defendant).

Turning to the specific allegations against the individual Allied defendants, the alleged use of force by Mr. Stoves-Boston, FAC ¶¶ 61–62, is not actionable under Section 1983 because the FAC fails to plead any "government nexus," *see Kalfus*, 476 F. App'x at 879 ("In the absence of any government nexus to the challenged action . . . the First Amendment does not prevent a property owner from restricting press access to private property."). Allied employees, like Mr. Stoves-Boston, were engaged during the Butler Library protest as private security guards on private university property. Unlike in *Khalil*, the FAC does not, and cannot, tie Mr. Stoves-Boston's alleged action to its allegations about demands made by the federal government. FAC ¶¶ 35–36; *cf. Khalil*, 833 F. Supp. 3d at 427–30 (holding plaintiffs adequately alleged state action where Columbia allegedly undertook specific actions based on specific directions from the federal government).

As to Mr. De La Rosa, the FAC alleges that he issued two summonses for violations to Plaintiff. FAC ¶¶ 83–84. Accepting that allegation as true, the unlawful seizure/false arrest and First Amendment claims fail as a matter of law because defendants had probable cause to arrest

Plaintiff. *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("Probable cause is a complete defense to a constitutional claim of false arrest . . . and false imprisonment."); *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019) ("The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."). Plaintiff concedes he was directed by Columbia Public Safety to "vacate the third floor." FAC ¶ 63. Instead of complying with this instruction, Plaintiff remained "close enough to the reading room [on the third floor] that [he] could continue documenting" the protest activity "for several hours." FAC ¶¶ 63–65. In other words, Plaintiff trespassed. *See, e.g.*, *Davis v. City of New York*, 373 F. Supp. 2d 322, 333 (S.D.N.Y. 2005) ("defendants had probable cause to believe the plaintiffs were committing simple trespass, and thus for the arrest").[2]

*Finally*, even if Plaintiff had successfully alleged Allied was a state actor, the Section 1983 claims against Allied fail because it is "not liable under § 1983 for the constitutional torts of [its] employees unless the plaintiff proves that action pursuant to official policy of some nature caused a constitutional tort." *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (cleaned up). In response to Columbia's pre-motion letter, Plaintiff argues that the Columbia Defendants "mischaracterize Plaintiff's theory as one of *respondeat superior*," citing allegations about specific conduct by "Columbia's own senior leadership." ECF No. 58 at 3. Allied is not alleged to have been directly involved in any of their employees' purported conduct. Therefore, since Plaintiff did not allege that any "official policy" of Allied's caused the constitutional torts, Allied cannot be held liable.

### B. The Right to Record and State Constitutional Claims Fail (Claims 6, 12, 13)

The Allied Defendants agree with Plaintiff and the Columbia Defendants that the state constitutional claim and the right to record claims all "rise or fall with state action." *See* ECF Nos. 57 at 3, 58 at 3. For the reasons already stated, Plaintiff failed to allege state action, and accordingly, all three claims fail. In addition, these claims fail to allege the element of causation against the Allied Defendants. *See* N.Y. Civ. Rights Law § 79-p(3); N.Y.C. Code § 14-189(c)(1).

### C. The Court Should Decline to Exercise Supplemental Jurisdiction (Claims 1-5)

The remaining claims sound entirely in state and municipal law. Without any remaining federal jurisdictional hook, the Court should decline to exercise supplemental jurisdiction over these claims.

## III. Conclusion & Briefing Schedule

The Allied Defendants join Columbia's proposal that the parties confer about a briefing schedule after all parties have been served and appeared.

---

[2] Moreover, the FAC alleges only that Mr. De La Rosa issued two summonses for non-felony violations, which were later dismissed. FAC ¶¶ 84, 88. Even if Mr. De La Rosa was assumed to be a state actor, it is by no means clear that these events would give rise to a cognizable constitutional claim. *See, e.g.*, *Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010) (holding that the issuance of a non-felony summons, without further restrictions, does not constitute a Fourth Amendment seizure); *see also Mitchell v. City of New York*, 841 F.3d 72, 79–80 (2d Cir. 2016) (reserving judgment on the question of whether the plaintiff in that case had a cognizable Fourth Amendment claim where she was arrested, detained temporarily, issued a desk appearance ticket for trespass, and appeared in court).

Respectfully submitted,
KKL LLP

By: *<u>/s/ Melissa C. Danzo</u>*
Melissa C. Danzo
Rebecca S. Tinio

*Attorneys for the Allied Defendants*

cc: All Counsel of Record (by ECF)