**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

**Gideon@GideonLaw.com***
**GideonLaw.com**
**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*
**Not for service*

September 25, 2026

BY ECF and E-Mail to Chambers
Hon. John Peter Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Courtroom 218
New York, NY 10007

**Re: *Fadi Shuman v. The City of New York, et al*, 1:26-cv-03805 (JPC)**

Your Honor:

I am co-counsel for Plaintiff. I write to ask that the Court (1) extend the date by which Plaintiff must serve Defendants Dalwayne Walcott and Victor Garcia (the "Pinkerton Defendants") from October 3, 2026 to November 3, 2026 or another date to be determined by the Court; and (2) order Defendant Pinkerton Consulting & Investigations, Inc. ("Pinkerton") to provide current addresses at which Plaintiff can serve the Pinkerton Defendants, or whatever information Pinkerton has about their current contact information or employment, by a reasonable date certain in advance of any extended service date.

On July 31, 2026, Plaintiff made an application to adjust the previous August 6, 2026 service deadline of the May 7, 2026 Complaint in the case, which the Court granted in part, extending the deadline to September 3, 2026. *See* ECF 27, 28.

On August 31, 2026, Plaintiff made an application to adjust the previous September 3, 2026 service deadline, which the Court granted in part, extending the deadline to October 3, 2026. *See* ECF 47, 53.

Allied Universal ("Allied") and the Columbia Defendants[1] take no position on the applications with respect to Pinkerton.

As seen in Plaintiff's prior applications (ECF 27, 47), Plaintiff has diligently sought to obtain service information for, and to serve, the Pinkerton Defendants.

---

[1] The "Columbia Defendants" are Defendants The Trustees of Columbia University ("Columbia"), Patrick Oakley, Mathew Coleman, Edgars Trapss, Donald Gannon, and Cameron Johnson, all of whom have been served.

Since the last application, on September 10, 2026, Pinkerton appeared by counsel.

On September 11, 2026, I provided counsel for Pinkerton with a copy of ECF 47, dn asked for Pinkerton to provide good contact and service information for the Pinkerton Defendants, or let us know they would accept service. Counsel responded that counsel was "still reviewing the facts and circumstances of this matter" and said "it is our understanding that Mr. Walcott and Mr. Garcia were not employees of Pinkerton. Rather, they appear to have been associated with one or more subcontractors engaged by Pinkerton." I asked counsel to confirm that Pinkerton does not have contact or service information for the Pinkerton Defendants and for the name of the subcontractor(s) counsel was referring to. Counsel did not respond to that request.

On September 15, 2026, I wrote to follow up, and I spoke with Pinkerton counsel on September 17, 2026. In substance, counsel told me Pinkerton is in communication with the subcontractor who employs the Pinkerton Defendants but is not sure whether Pinkerton counsel will ultimately represent them. Counsel promised to keep me updated. I said I would need to know soon, or make an application to the Court seeking more time, and information.

I wrote to follow up on September 22, 2026, and Pinkerton's counsel informed me Pinkerton is "still actively working on this" and that counsel would let me know as soon as there is an update.

In response to a request for Pinkerton's position to include in this application, counsel responded:

> Pinkerton does not oppose an application for additional time to serve Mr. Walcott and Mr. Garcia. However, Pinkerton does oppose any application to compel the production of service information from Pinkerton, particularly given that we have been cooperating voluntarily since Pinkerton was served with the Complaint and we appeared as counsel. We view any application to compel service information as premature and unnecessary at this time.
>
> As I have previously explained, Mr. Walcott and Mr. Garcia are not employees of Pinkerton, but in good faith and in an attempt to streamline the process for everyone, we are continuing to actively look into this matter and I will update you as soon as I am in a position to do so.

Finally in terms of updates, Plaintiff's counsel has employed a Private Investigator who may have located Mr. Walcott's home address at one of two locations, and we have hired a Process Server to attempt service at both. However, we have no leads as to Mr. Garcia.

Against the above backdrop, Plaintiff now respectfully requests that the Court extend the date by which Plaintiff must serve the Pinkerton Defendants from October 3, 2026 to November 3, 2026 or another date to be determined by the Court, and order Defendant Pinkerton to provide current addresses at which Plaintiff can serve the Pinkerton Defendants, or whatever information Pinkerton has about their current contact information or employment, by a reasonable date certain in advance of any extended service date.

Thank you for your attention to this matter.

Respectfully submitted,

Gideon Orion Oliver

The request is granted in part and denied in part. Plaintiff's deadline to serve Defendant Victor Garcia is extended until November 3, 2026. Plaintiff's request for an order directing Defendant Pinkerton to provide information about Mr. Garcia is denied without prejudice as premature. Plaintiff may renew that request, if after meeting and conferring with Pinkerton, the parties cannot resolve the issue in accordance with Rule 5.C of the Court's Individual Rules and Practices in Civil Cases. The Clerk of Court is respectfully directed to close Dkt. 70.

SO ORDERED.
September 28, 2026

JOHN P. CRONAN
United States District Judge