COHEN & GREEN

September 29, 2026

Hon. John Peter Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Courtroom 218
New York, NY 10007

By Electronic Filing

**Re: Fadi Shuman v. The City of New York, et al, 1:26-cv-03805 (JPC)**

Your Honor:

I am co-counsel to Plaintiff Fadi Shuman. I write in response to Defendants Allied Universal Security Services ("Allied"), Shakur Stoves-Boston, and Carlos De La Rosa (together, the "Allied Defendants") pre-motion conference letter (Dkt. 69). Plaintiff intends to oppose the anticipated motion to dismiss the First Amended Complaint ("FAC") in full.

**1. Whether Allied is liable under §1983 implicates factual disputes requiring discovery.**

The FAC alleges that, in response to demands from the federal government, Allied contracted with Defendant Columbia University and/or Defendant City to provide security, and that the Individual Defendants employed by Allied exercised police powers as Special Patrolmen pursuant to a governmental designation. FAC ¶¶ 15, 19, 22, 26. Whether Allied itself exercised or participated in the exercise of that delegated governmental authority is a factual question that cannot be resolved against Plaintiff on a motion to dismiss. So too for Defendants' contention that Allied cannot be liable absent an Allied policy or custom. That argument is premature to the extent it depends on factual questions concerning Allied's policies and its role in the Special Patrolman program.

**2. Plaintiff has pled state action under § 1983 against the individual Allied defendants.**

As to Defendant De La Rosa, Allied appears to concede that De La Rosa, who issued Plaintiff two criminal summonses, was engaged in an action that would not be possible but for his Special Patrolman status. *See* ECF No. 69 ("special patrolmen act under color of state law only when they take action that would not be possible but for their special patrolman status, like making an arrest"). Instead, Allied argues that because De La Rosa had probable cause for the arrest, his conduct is not subject to scrutiny under § 1983. This is incorrect.

First, Allied's assertion that De La Rosa had probable cause contradicts the facts as pled. The FAC alleges that, when instructed to vacate the third floor, Plaintiff "complied, vacating the third floor and standing in the nearby stairway" while continuing to document the police response. FAC ¶¶ 63–65. The FAC alleges that Plaintiff was subsequently targeted "without cause or warning," forcibly removed, assaulted, detained, handcuffed, transported, and charged with trespass and

disorderly conduct. FAC ¶¶ 66–84. Plaintiff alleges that his summonses were dismissed and sealed in their entirety approximately 2 weeks later, and that all related disciplinary charges against him were also dismissed. FAC ¶¶ 87-88. At a motion to dismiss stage, a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam). Defendants' assertion that Plaintiff "trespassed" therefore improperly asks the Court to adopt Defendants' alternative characterization of events at the pleading stage. Because the FAC alleges that Plaintiff complied with the instruction to leave the third floor and was thereafter documenting police activity from a nearby stairway, FAC ¶¶ 63–65, Defendants' contrary characterization cannot support dismissal at the pleading stage.

Second, even if Defendants could establish probable cause for some offense, that would have no bearing on Plaintiff's independent and properly pled claims arising from Defendants' use of excessive force and interference with his protected recording activity. Neither *Nieves* nor *Shearman* create a probable cause defense to those claims. *Nieves v. Bartlett,* 587 U.S. 391, 402 (2019); *Betts v. Shearman*, 751 F3d 78, 82 (2d Cir. 2014).

As to Defendant Stoves-Boston, courts in this District have recognized that private security personnel designated as Special Patrolmen act under color of state law when "performing duties normally performed by NYPD officers." *Ortiz v. City of New York, No. 16-CV-9646, 2018 WL 3359610, at 8 (S.D.N.Y. July 10, 2018)* (collecting cases). In *Ortiz*, for example, the court specifically held that privately employed security officers appointed as Special Patrolmen acted under color of state law when exercising powers—including the power to detain, arrest, and use force—that were conferred by state law. The FAC alleges precisely that type of conduct here. Specifically, the FAC alleges that Special Patrolmen were trained by the City, appointed and sworn by the NYPD Police Commissioner, vested with police powers, subject to NYPD rules and discipline, and authorized to arrest and issue summonses. FAC ¶¶ 22; 40–45. The FAC alleges that Defendant Stoves-Boston may have been one of those Special Patrolmen—a fact exclusively within the custody of Allied and Columbia Defendants. *Id.* ¶ 22. It further alleges that the Individual Defendants exercised those governmental powers in connection with his detention, arrest, and the issuance of criminal summonses. The FAC alleges that Stoves-Boston personally seized and used force against Plaintiff while he was documenting police activity. *Id.* ¶ ¶ 58, 62. Whether Stoves-Boston did so pursuant to his authority as a Special Patrolman, rather than as a private security employee is a factual dispute that cannot be resolved on the pleadings. *See Miller v. Lamanna*, No. 24-2314, slip op. at 28–29 (2d Cir. Mar. 9, 2026).

**3. Plaintiff has pled state action under the more flexible NY State Constitutional test.**

Defendants' state-action argument improperly conflates the federal and New York constitutional state action standards. Although state action is required under the New York State Constitution, the Court of Appeals has recognized that the inquiry is "more flexible" than its federal counterpart. *SHAD Alliance v. Smith Haven Mall,* 66 N.Y.2d 496, 505 (1985); *Sharrock v. Dell Buick-Cadillac, Inc.*, 45 N.Y.2d 152, 158–60 (1978) ("the mere fact that an activity might not constitute State action for purposes of the Federal Constitution does not perforce necessitate that the same conclusion be reached when that conduct is claimed to be violative of the State Constitution.")



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

The inquiry considers, among other things, the source of the challenged authority, the State's involvement in the conduct, and whether traditional governmental functions have been delegated to private parties. *SHAD Alliance*, 66 N.Y.2d at 505. Here, the allegations, accepted as true and taken in the light most favorable to the Plaintiff, are sufficient to plausibly plead state action under New York's more flexible standard. *See e.g.* FAC ¶¶ 40–45. Even if Allied could establish that their conduct does not satisfy the federal state-action test, that would not defeat Plaintiff's claims under the New York Constitution.

**4. Plaintiff has pled the color of law requirement under the Right to Record Acts.**

Allied conflates the federal state-action doctrine governing § 1983 claims with the requirements under the City and State Right to Record Acts ("the RTR Acts") that the challenged conduct constitute law-enforcement activity by an officer acting "under color of law." But the City statute expressly defines an "officer" to include a "special patrolman appointed by the police commissioner pursuant to section 14-106," and the State statute covers even a "security officer" or "security guard." N.Y.C. Admin. Code § 14-189(a); Civ. Rights Law § 79-p(1)(a). The RTR Acts create a private right of action for interference by such "officer," and each explicitly provides that its remedies are "in addition to" those available under § 1983 and the federal and New York State Constitutions. *See* Civ. Rights Law § 79-p(1), (3), (4); N.Y.C. Admin. Code § 14-189(a), (c), (d). The statutory scheme of the RTR Acts therefore must be analyzed according to their own terms rather than under the body of federal § 1983 state-action jurisprudence.

Here, the FAC alleges that Defendants were security personnel and/or special patrolmen engaged in law-enforcement activity and, in the case of the Special Patrolmen, vested with police powers through their NYPD appointments. FAC ¶¶ 40–45. It further alleges that Defendants interfered with Plaintiff's recording through physical force, detention, arrest, and the issuance of summonses. FAC ¶¶ 61–84, 166–188. Those allegations are sufficient to plead that Defendants were "officers" and acting under color of law within the meaning of the RTR Acts. And because Plaintiff's federal claims are adequately pled, the Allied Defendants' request that the Court decline supplemental jurisdiction over the state common-law claims is premature.

For the foregoing reasons, Plaintiff respectfully submits that dismissal is not warranted and intends to oppose the Allied Defendants' anticipated motion. Plaintiff agrees with Defendants' proposal regarding a briefing schedule. We thank the Court for its consideration of this submission.

Respectfully submitted,

**COHEN&GREEN P.L.L.C.**

COHEN&GREEN



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

By: ______________________
Leena M. Widdi
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
leena@femmelaw.com

**GIDEON ORION OLIVER**

______________________
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**THE ABOUSHI LAW FIRM P.L.L.C.**

______________________
Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com

*Attorneys for Plaintiff*

**cc:** All Counsel of Record (By ECF)