THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**SEAMUS O'CONNOR**
*Assistant Corporation Counsel*
Phone: (212) 356-2337
Fax: (212) 356-3509
seoconno@law.nyc.gov

October 1, 2026

**BY ECF**
Honorable John P. Cronan
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Fadi Shuman v. City of New York et al,
26-CV-3805 (JPC)

Your Honor:

I am an Assistant Corporation Counsel in the Office the Corporation Counsel of the City of New York, representing Defendant City of New York, in the above-referenced matter. In accordance with section 6(A) of Your Honor's Individual Practices and Rules, Defendant City writes to respectfully request a pre-motion conference to discuss its anticipated Motion to Dismiss all claims against the City pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, if the Court deems that a pre-motion conference is unnecessary, Defendants respectfully propose a briefing schedule wherein Defendants would have (30) thirty days from the date of this letter to submit their memorandum of law, Plaintiff would have (30) thirty days to submit a memorandum in opposition, and Defendants would then have (14) fourteen days to submit their reply.

## I. Background

Plaintiff, Fadi Shuman, filed his Amended Complaint on August 20, 2026, against the City of New York, The Trustees of Columbia University ("Columbia University"), Allied Universal, Pinkerton Consulting, and twelve individual defendants, who Plaintiff alleges were public safety officers employed by Allied Universal and/or Columbia University. (ECF No.40 at ¶¶ 39-42). Plaintiff brings, *inter alia*, a claim under New York City Administrative Code §§ 8-801 et seq., state and federal law false arrest, false imprisonment, *Monell* municipal liability, violation of NY Civil Rights Law § 79-P right to record, and a violation of New York City Administrative Code §14-189 right to record against the City. (ECF No. 40 at ¶¶99-101, 108, 131, 163)

Plaintiff bases his claim against the City on allegations that that the individual defendants acted as agents of "Defendant City and/or Defendant Columbia and/or Defendant Allied," while "cloaked with and/or invoking state power and/or authority," and asserts that the City, Columbia University, and Allied Universal are liable under the state common-law doctrine of *respondeat superior*. (ECF No. 40 at ¶ 108) Plaintiff thus seeks to impose liability on the City through collective allegations that do not distinguish among the City, Columbia University, and Allied Universal or plead facts showing that the City employed, supervised, or directed the individual defendants. For the reasons set forth below, any and all claims against Defendant City should be dismissed with prejudice.

## II. Defendant's Motion to Dismiss

### A. The City Was Not The Employer of the "Public Safety Officers."

Plaintiff's claim under New York City Administrative Code §§ 8-801 through 8-803 fail because the Amended Complaint does not plausibly allege that the City was the employer of the covered individuals. Section 8-803 provides that a "covered individual" acting under color of law is liable when he subjects or causes another person to be deprived of rights protected by § 8-802, and separately imposes liability on the "employer of a covered individual." NYC Admin. Code § 8-803(a), (b); see Urena v. City of New York, No. 22-CV-4679 (RA), 2024 WL 4149182, at *10 (S.D.N.Y. Sept. 10, 2024). The provision also makes "[t]he employer of a covered individual" liable "based upon the conduct of such covered individual." NYC Admin. Code § 8-803(b). Thus, even assuming the individual defendants qualify as covered individuals because they were allegedly appointed as special patrolmen, Plaintiff still must plead facts showing that the City was their employer.

However, Plaintiff's own allegations identify Allied Universal and Columbia University, not the City, as the relevant employers. Although Plaintiff alleges in a conclusory manner that the City is liable as an "employer", the Amended Complaint asserts that Allied Universal contracted with Columbia University to provide security services on campus, and that the individual defendants were employees of Allied Universal and/or Columbia University (ECF No. 40 at ¶¶ 15-16). While Columbia applied to the Police Commissioner for the officers' appointment, Columbia publicly stated that the officers were "hired, selected, employed, and funded by Columbia."[1]

The special-patrolman statute likewise distinguishes appointment by the Police Commissioner from employment by the City. Under § 14-106, a private person or corporation may apply for special patrolmen status, which then provides those individuals with certain police powers and they are subject to NYPD rules while acting as such, but they are not regular members of the police force. NYC Admin. Code § 14-106(b)-(d). Second Circuit

[1] Jonathan Allen, Columbia University Adds 36 New Campus Patrol Officers with Powers of Arrest, Reuters (Apr. 6, 2025), https://www.reuters.com/world/us/columbia-universitys-new-campus-patrol-officers-appointed-by-new-york-police-2025-04-04/. Because this article is cited in the Amended Complaint, the Court may consider it on a motion to dismiss. (ECF No. 40 at ¶ 40 n. 9)

courts interpreting and analyzing § 14-106 recognize this distinction. See Kalfus v. N.Y. & Presbyterian Hosp., 706 F. Supp. 2d 458, 462 (S.D.N.Y. 2010) (noting that special patrolmen were hired by a private hospital and that their authority was delegated under NYC Administrative Code § 14-106). Therefore, Special Patrolman status does not make the City the individual defendants' employer under § 8-803(b). Accordingly, the Administrative Code claim against the City should therefore be dismissed.

B. *Respondeat superior* Does Not Apply.

For the same reasons, Plaintiff's state-law claims fail against the City. Plaintiff seeks to impose *respondeat superior* liability by alleging that the individual defendants acted as agents or employees of the City. (ECF No. 40 at ¶ 108) However, the Amended Complaint pleads no facts showing that the City hired them, paid them, supervised their campus security work, or directed the alleged arrest. (See ECF No. 40 at ¶¶ 35-44) As stated above, the fact that NYPD allegedly trained or appointed the individual defendants as special patrolmen does not make them City employees because § 14-106 distinguishes between appointment by the Police Commissioner and employment by the City. Special patrolmen may be subject to NYPD rules and exercise police powers while acting as such, but the statute states that they are not regular members of the police force. NYC Admin. Code § 14-106(b)-(d). Courts applying § 14-106 recognize the same distinction, describing special patrolmen as privately employed even though their authority is conferred by law. See Ortiz v. Parkchester N. Condo., 2018 WL 2976011, at *1 (S.D.N.Y. June 13, 2018) ("[Parkchester N. Condo] was responsible for hiring, training, and supervising the PDPS and for the policies, practices, and conduct of all PDPS Special Patrolmen.") (citations omitted); Kalfus v. N.Y. & Presbyterian Hosp., 706 F. Supp. 2d 458, 462 (S.D.N.Y. 2010). Because Plaintiff's own allegations identify Columbia and/or Allied Universal as the employers, the state-law claims against the City should be dismissed.

C. There is no *respondeat superior* liability under § 1983.

Plaintiff's § 1983 claims against the City fail because the Amended Complaint alleges, at most, individual state action by special patrolmen, not municipal liability. For purposes of this anticipated motion, the City need not dispute that special patrolmen may act under color of law when exercising police-type authority. See Temple v. Albert, 719 F. Supp. 265, 267 (S.D.N.Y. 1989); Rojas v. Alexander's Dep't Store, Inc., 654 F. Supp. 856, 858 (E.D.N.Y. 1986). However, acting under color of law does not establish municipal liability. A municipality may only be liable § 1983 where a municipal policy, custom, or practice caused the alleged constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 694 (1978).

Here, the Amended Complaint does not identify any specific City policy, custom, or practice that caused Columbia or Allied Universal security personnel to allegedly arrest Plaintiff. (ECF 1 Nos. ¶¶ 154-156) The Amended Complaint also does not plead facts showing a City policymaker's involvement, a pattern of similar incidents, or a specific training deficiency that caused the alleged violations. See Ortiz v. Parkchester N. Condo., 2018 WL 2976011, at *5-*9 (S.D.N.Y. June 13, 2018) (dismissing § 1983 claim against entity defendant despite finding special patrolmen plausibly acted under color of law because plaintiff failed to plausibly allege a policy, custom, deliberate indifference, specific training deficiency, or causation). Plaintiff's

right-to-record claims under New York Civil Rights Law § 79-p and New York City Administrative Code § 14-189 fail against the City for the same reason: the Amended Complaint does not allege that the City itself interfered with Plaintiff's recording or employed the individuals who allegedly interfered. Accordingly, Plaintiff's § 1983 and right-to-record claims against the City should be dismissed.

## III. Conclusion

For the foregoing reasons, the City respectfully requests that the Court schedule a pre-motion conference in order to discuss its anticipated motion to dismiss pursuant to Rule 12(b)(6). In the alternative, if the Court deems that a conference is unnecessary, Defendant City respectfully proposes a briefing schedule wherein it would have (30) thirty days from the date of this letter to submit its memorandum of law, Plaintiff would have (30) thirty days to submit a memorandum in opposition, and Defendant City would then have (14) fourteen days to submit its reply.

Defendant City thanks the Court for its consideration herein.

Respectfully submitted,

Seamus O'Connor/s/

Seamus O'Connor
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **BY ECF**

Leena Widdi
1639 Centre St, Ste 216
Ridgewood, NY 11385
917-748-9127
Email: leenawiddi.esq@gmail.com

Tahanie Ahmad Aboushi
The Aboushi Law Firm
1441 Broadway, Ste 5036
New York, NY 10018
212-391-8500
Fax: 212-391-8508
Email: tahanie@aboushi.com

Gideon Orion Oliver
Gideon Orion Oliver
277 Broadway, Suite 1501

New York, NY 10007
646-263-3495
Fax: 646-349-2914
Email: gideon@gideonlaw.com

Andrew William Schilling
Schilling Law LLC
810 Seventh Avenue
Suite 305
New York, NY 10019
212-551-7880
Email: aschilling@schillinglaw.com