COHEN&GREEN

**By ECF** October 13, 2026

The Honorable John P. Cronan
United States District Court, Southern District of New York

**Re:** *Shuman v. The City of New York et al.*, 26-CV-03805 (JPC)

Dear Judge Cronan:

We represent Plaintiff Fadi Shuman and write pursuant to Rule 6 of Your Honor's Individual Rules in response to the letter from Defendants the City of New York (the "City") requesting a pre-motion conference regarding its anticipated motion to dismiss the First Amended Complaint ("FAC") ECF 74. Plaintiff intends to oppose the anticipated motion in full. The City's letter rests on a single premise: because Columbia and its contractors paid the Special Patrolmen, the City bears no responsibility for officers it trained, swore in, vested with arrest powers, bound to NYPD rules and discipline, and could remove at will. That premise ignores the FAC's well-pleaded allegations, which must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and turns on factual questions of employment, agency, and control that cannot be resolved on the pleadings.

**1. Plaintiff has plausibly pled claims under NYC Admin. Code §§ 8-801 through 8-803.**

NYC Administrative Code § 8-803(b) imposes liability on "[t]he employer of a covered individual" who, under color of law, deprives another person of rights protected by § 8-802. A "covered individual" is expressly defined to include a person appointed by the Police Commissioner as a Special Patrolman pursuant to NYC Administrative Code § 14-106(c) or (e), which authorize appointments of employees of both city and state agencies and private corporations. The City correctly assumes, for purposes of its motion, that the Special Patrolmen here are "covered individuals." City Ltr. at 2. The only question it raises is whether the City is their "employer"—and the FAC plausibly alleges that it is. The FAC alleges that the Individual Defendants who were Special Patrolmen were "duly appointed and acting officers, servants, employees, and agents of Defendant City," acting "with the power and authority vested in them," FAC ¶¶ 25–26, 103; that the City trained them, *id.* ¶ 22; and that Allied and Pinkerton contracted with Columbia "and/or Defendant City of New York" to provide the security services at issue. *id.* ¶¶ 15, 17. The City's letter does not address these allegations, and it misdescribes ¶ 15 as alleging a contract with Columbia alone. City Ltr. at 2. This situation is precisely when pleading on information and belief is proper - "where the facts are peculiarly within the possession and control of the defendant". Fed. R. Civ. P. 8(d)(2)–(3); *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). At this stage, the precise employment relationship of each Individual Defendant, including the Doe Defendants, is information that is exclusively within Defendants' possession. Plaintiff should be permitted to pursue discovery concerning those employment relationships before the Court determines which entity or entities qualify as employers under § 8-803(b).

Additionally, the statutory scheme supports a plausible employment relationship. Section 8-803(b) does not define "employer," and where a statute leaves that term undefined it takes its common-law agency meaning, under which the touchstone is the "right to control the manner and means" of the work; the source of pay is only one factor. *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989). A worker may also have "joint employers". *See Arculeo v. On-Site Sales &*

*Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005). Section 14-106 vests exactly that control in the City: Special Patrolmen appointed on private application are subject to the Commissioner's orders, must obey "the rules and regulations of the department" and conform to its "general discipline," and may be removed by the Commissioner "at any time" without cause. N.Y.C. Admin. Code § 14-106(c)–(d); FAC ¶¶ 41–43. The City's argument that Special Patrolmen are not "members of the force" and draw no City salary or pension, § 14-106(d), concern payroll and pension status, not who controls the officers' exercise of police power. Nor may the Court automatically treat the contents of a document attached to a complaint as adopted by the Plaintiff for purposes of a motion to dismiss, particularly when that narrative contradicts the complaint's allegations. *See Pearson v. Gesner*, 125 F.4th 400, 406–07 (2d Cir. 2025). At most, the City raises a factual dispute about joint employment that is not appropriate for resolution on a motion to dismiss.

Finally, neither *Urena v. Shaw*, No. 22-CV-4679 (RA), 2024 WL 4149182, at *10 (S.D.N.Y. Sept. 10, 2024), nor *Kalfus v. New York & Presbyterian Hospital*, No. 07 Civ. 11455 (DAB), 2010 WL 2595075 (S.D.N.Y. June 28, 2010), relied on by the City, warrants dismissal at this stage because neither decision resolves the employment questions. In *Urena*, the court rejected the statutory claims because the individual defendants were DOC officers who were neither NYPD employees nor Special Patrolmen and thus were not "covered individuals" under § 8-801. Here, by contrast, the Individual Defendants are alleged to include Special Patrolmen expressly covered by the statute. *Kalfus*, which predates the enactment of §§ 8-801 through 8-803, addressed the state-action status of privately employed Special Patrolmen, not the meaning of "employer" under § 8-803(b). Dismissal based on an unresolved factual question is unwarranted.

### 2. Plaintiff's §1983 Claims are Based on the City's Failure to Train or Supervise the Special Patrolmen who were Acting Under Color of Law and Pursuant to the City's Appointment, not on *Respondeat Superior*

Defendants mischaracterize the basis of Plaintiff's § 1983 claims. Plaintiff does not seek to hold the City liable merely because the City may be a joint employer with the other entity Defendants. Rather, Plaintiff alleges that the City itself maintained policies, practices, and procedures governing the appointment and oversight of Special Patrolmen, and that the City's own deliberately indifferent conduct caused the constitutional violations alleged in the FAC. FAC ¶¶ 45, 163–64. The City, through the Police Commissioner, appoints Special Patrolmen and authorizes them to exercise limited governmental peace-officer powers. The City also retains regulatory authority over their designations and continued participation in the program. *See* N.Y.C. Admin. Code § 14-106; 38 RCNY §§ 13-01, 13-02, 13-05. The FAC alleges that these appointments were made in direct response to a federal demand, aimed at campus pro-Palestine protest, that Columbia "expand the number of Columbia security personnel and grant[] them the ability to arrest and remove" students, FAC ¶¶ 35, 39–40, and that the officers were deployed on campus days before May 7, 2025, *see id.* ¶ 40 n.9. The City knew "to a moral certainty" that these newly empowered officers would encounter protests and interact with the students and journalists documenting them. The need to train these officers on probable cause, the use of force, and the right to record was therefore obvious, and the consequences of failing to do so would predictably include constitutional violations. FAC ¶¶ 38, 163; *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992). Plaintiff alleges that the City's failure to provide such training reflected deliberate indifference to this foreseeable risk and was a moving force behind the deprivation of his constitutional rights. FAC ¶ 164.

The City cannot defeat that theory merely by pointing to the possibility that a private entity singularly employed the individual Special Patrolmen. Nor does delegating operational responsibilities necessarily insulate a municipality from liability for its own unconstitutional conduct. See *Rodriguez v. City of New York*, No. 23-CV-5531 (LAK), slip op. at 22–24 (S.D.N.Y. June 26, 2025). Plaintiff's claim is that the City's own appointment, training, administration and oversight of the Special Patrolman program—not simply the employment status of the Individual Defendants—caused his constitutional injuries. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). That claim was plausibly pled and there is no heightened pleading standard for municipal liability. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993).

**3. Plaintiff has plausibly pled claims against City Defendants under the Right to Record Acts**

Plaintiff has also plausibly pled claims under the City and State Right to Record Acts ("the Acts.") Each Act creates a private right of action for interference with an individual's right to record by "an officer acting under color of law" and creates a private right of action where "an officer" interferes with a person's recording of police or law enforcement activity, including by "arresting or ticketing" the person because he recorded. N.Y. Civ. Rights Law § 79-p(3); N.Y.C. Admin. Code § 14-189(c)3(iv). As pled, the Individual Defendants appointed as Special Patrolmen were acting under color of law, a point the City concedes for purposes of its motion. The City statute expressly defines an "officer" to include a "special patrolman appointed by the police commissioner pursuant to section 14-106," and the State statute covers even a "security officer" or "security guard." N.Y.C. Admin. Code § 14-189(a); Civ. Rights Law § 79-p(1)(a). As pled, some of the Defendants were Special Patrolmen who were employed by the City, FAC ¶ 26, and some or all of the Individual Defendants "were trained by Defendant City and designated as Special Patrolmen, with police authority to arrest, among other powers." FAC ¶ 22. The FAC also alleges they were appointed and sworn in by the NYPD Police Commissioner after undergoing the NYPD's application process, were required to obey NYPD rules and regulations and conform to its general discipline and possessed authority to arrest individuals and issue summonses and desk appearance tickets. *Id.* ¶¶ 40–43. The FAC also alleges that the City failed to adequately train or supervise them regarding the right to record. *Id.* ¶ 45.

The City's remaining argument that it neither interfered with the recording itself nor employed those who did restates its employer argument. Nothing in either statute limits recovery to the individual officer; § 14-189 is a City law that expressly reaches the Special Patrolmen the City appoints; and ordinary principles of vicarious liability apply to statutory torts committed within the scope of employment or agency. The right-to-record claims therefore rise or fall with the employment and agency questions discussed above. The FAC plausibly alleges a City relationship with the Special Patrolmen, and the City's contrary account at most creates a factual dispute that must be resolved on a developed record after discovery, not prematurely on a motion to dismiss.

For the foregoing reasons, Plaintiff respectfully submits that dismissal is not warranted and intends to oppose City Defendant's anticipated motion in full. Regarding a briefing schedule, Plaintiff reiterates his position that the parties confer about such schedule after all parties have been served and appeared. Plaintiff further reserves the right to amend his Complaint to cure any deficiencies, pursuant to FRCP Rule 15(a)(1)(B).

We thank the Court for its consideration of this submission.

Respectfully submitted,

**COHEN&GREEN P.L.L.C.**

By: ______________________
Leena M. Widdi
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
leena@femmelaw.com

**GIDEON ORION OLIVER**

______________________
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**THE ABOUSHI LAW FIRM P.L.L.C.**

______________________
Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com

*Attorneys for Plaintiff*
**cc:** All Counsel of Record (By ECF)