COHEN & GREEN

**By ECF** November 23, 2026

Honorable John P. Cronan
United States District Court
Southern District of New York

**Re:** *Shuman v. The City of New York et al.*, 26-CV-03805 (JPC)

Dear Judge Cronan:

We represent Plaintiff and write pursuant to Rule 6A of Your Honor's Individual Rules in response to the letter from Defendant Victor Garcia ("Garcia") requesting a pre-motion conference in anticipation of his motion to dismiss the First Amended Complaint ("FAC"). *See* ECF 89.[1]

**Plaintiff has Adequately Pled that Mr. Garcia was acting under color of state law for purposes of liability under §1983**

The FAC alleges that Garcia was among the Individual Defendants who, upon information and belief, were "trained by Defendant City and designated as Special Patrolmen, with police authority to arrest, among other powers, pursuant to New York Criminal Procedure Law §2.10(27) (the "Special Patrolmen")." FAC ¶ 22. At a motion to dismiss stage, where a complaint gives Defendants fair notice of the claims and their grounds, that suffices – a plaintiff need not set out every fact supporting those claims. *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004). Plaintiff's inability to independently verify which individual defendants held Special Patrolman appointments at the pleading stage therefore does not, standing alone, warrant dismissal. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). And despite Garcia's insistence to the contrary, pleading on information and belief is permissible where, as here, the relevant facts are "peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Id.* (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, at 1949).[2]

The FAC alleges that Garcia engaged in precisely the type of conduct that courts in this District have recognized to establish acting under color of state law. *Ortiz v. City of New York, No. 16-CV-9646, 2018 WL 3359610, at 8 (S.D.N.Y. July 10, 2018)* (collecting cases). As alleged, Special Patrolmen, including upon information and belief Garcia, were trained by the City, appointed and sworn by the NYPD Police Commissioner, vested with police powers, subject to NYPD rules and discipline, and authorized to arrest and issue summonses. FAC ¶¶ 22; 26; 40–45; 66-73; 79. And as alleged, Defendant Garcia personally seized, assaulted, and placed Plaintiff in handcuffs. *Id.* ¶ ¶ 66-73; 79. It is at least plausible that he did so pursuant to his authority as a Special Patrolman, rather than as a private security employee. Ultimately, Garcia's argument rests on a factual dispute that cannot be resolved on the pleadings. *See Miller v. Lamanna*, No. 24-2314, slip op. at 28–29 (2d Cir., 2026).

---

[1] Because Garcia largely adopts the arguments of Defendant Pinkerton (ECF 77), and Walcott (ECF 82), Plaintiff incorporates his responses to those letters, as well (ECF 79; 83).

[2] And Garcia does not deny that he held a Special Patrolman appointment on May 7, 2025. He argues only that the FAC does not allege it with enough specificity. ECF 89 at 2–3. Pinkerton, the entity alleged to have employed him, disputed his status only "on information and belief." ECF 77 at 2.

Garcia's reliance on *Cancel, Kalfus*, and *Lloyd Corp.* like his co-Defendants, is misplaced. Each involved private guards exercising a property owner's authority to exclude or remove people from private property. ECF 89 at 2–3. Plaintiff was not simply removed; Garcia and other Defendants assaulted, arrested, and detained Plaintiff for hours, only releasing him with two Penal Law summonses. FAC ¶¶ 66–84. That conduct was "made possible only because" those involved were "clothed with the authority of state law"—namely their Special Patrolmen status—which is exactly what *Cancel* found lacking. 551 F. App'x at 6–7.[3]

And even if Garcia were *not* a designated Special Patrolman, the FAC alleges facts sufficient to plead that he was acting under color of state law at the time of the incident. As the Supreme Court has explained, "[t]o act 'under color' of law does not require that the accused be an officer of the State." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). A private party who is a "willful participant in joint activity with the State or its agents" also acts under color of law and "can be liable under §1983." *Id.* The FAC alleges that Garcia worked in tandem with other Individual Defendants—some of whom *were* Special Patrolmen, FAC ¶¶ 22, 44—to seize, restrain, handcuff, and detain Plaintiff, *id.* ¶¶ 66–83 – conduct that amounts to state action itself. These are not "conclusory" allegations of concerted action, *cf. Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002); *See* FAC ¶¶ 18, 66–79. And the City concedes that Special Patrolmen act under color of law. ECF 74 at 3.

**Plaintiff Has Plausibly Alleged State Action Under New York's More Flexible Constitutional Standard.**

Like Pinkerton and Allied, Garcia improperly conflates the federal state-action standard with the distinct standard governing claims under the New York Constitution, which the Court of Appeals has repeatedly recognized as "more flexible" than its federal counterpart. *SHAD Alliance v. Smith Haven Mall*, 66 N.Y.2d 496, 505 (1985); *see also Sharrock v. Dell Buick-Cadillac, Inc.*, 45 N.Y.2d 152, 158–60 (1978). The New York state constitutional inquiry considers, among other things, the source of the challenged authority, the State's involvement in the conduct, and whether traditional governmental functions have been delegated to private parties. *SHAD Alliance*, 66 N.Y.2d at 505. Here, the allegations, accepted as true and taken in the light most favorable to the Plaintiff, are sufficient to plausibly plead state action as to Defendant Garcia under that more flexible standard. *See e.g.* FAC ¶¶ 39–44; 79-84. And Garcia makes no arguments specific to this distinct standard. Even if he could establish that his conduct does not satisfy the federal state-action test, that would not defeat Plaintiff's claims under the New York Constitution.

---

[3] Nor does it matter that the federal government did not apply "pressure" directly to Garcia. ECF 89 at 3. State action under the coercion and close-nexus theories recognized in *Khalil*, 833 F. Supp. 3d at 427–30, attaches to the challenged conduct: Columbia's May 7 crackdown, undertaken to demonstrate compliance with the federal government's demands, including that Columbia's security personnel be given "the ability to arrest and remove" students. FAC ¶¶ 35, 39, 92–94. Garcia carried out that crackdown at the direction of a Columbia supervisor. Id. ¶¶ 18, 66. A security contractor who serves as the instrument of coerced conduct cannot escape liability because the coercion was directed at the university that deployed him. The very purpose of deputizing Columbia Public Safety Officers as Special Patrolmen was in part so the government's mandate to Columbia could be executed.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

**Plaintiff Has Plausibly Alleged Claims under the Right to Record Acts.**

Finally, Defendant Garcia asks this Court to apply the federal state-action test even to the New York State and City Right to Record Acts ("RTR Acts"). The Acts each include a "color of law," requirement and explicitly provide remedies "*in addition to*" those available under § 1983 and the federal and New York State Constitutions. N.Y. Civ. Rights Law § 79-p(1)(a), (1)(b),(3),(4); N.Y.C. Admin. Code § 14-189(a), (c), (d). (emphasis added). So rather than simply importing the federal §1983 state-action analysis, the Acts must be analyzed according to their own terms. [4]

Regarding the City Act, Plaintiff alleges that Garcia may have been a Special Patrolman and is therefore explicitly covered under the City Statute. N.Y. Civ. Rights Law § 79-p(1)(a). Plaintiff has also plausibly alleged that he was recording "police activities," defined as the activities of an "officer acting under the color of law." FAC ¶¶ 51, 58, 65. In response, Defendants including Garcia interfered with Plaintiff's recording with threats, physical force, detention, arrest, and the issuance of criminal summonses. FAC ¶¶ 61–84, 166–188. Similarly, Plaintiff has plausibly alleged a claim under the State Act, which covers the conduct of even a "security officer" or "security guard" "who is engaged in a law enforcement activity." N.Y.C. Admin. Code § 14-189(a); *See* n.1, *supra*. As pled, Garcia acted under color of law when he seized and handcuffed Plaintiff in an arrest that culminated in criminal summonses. FAC ¶¶ 66–84, 166–188. Garcia's reliance on federal state-action principles cannot independently establish that these statutory claims must be dismissed.[5]

**This Court Should Retain Jurisdiction over the State Common Law Claims.**

Finally, even if this Court were to ultimately dismiss the federal and state statutory claims as to Garcia, it should retain jurisdiction over the state common-law claims. Finding otherwise would mean that this incident is litigated in two courts—risking conflicting decisions and wasting judicial resources. In addition, 28 U.S.C. §1367(c)(3) applies only where the Court "has dismissed all claims over which it has original jurisdiction." Federal claims here may survive against the other Defendants regardless of the outcome of Garcia's motion, and the state-law claims against Garcia arise from the same incident and the same nucleus of operative fact. *See* 28 U.S.C. § 1367(a).

For the foregoing reasons, Plaintiff intends to oppose Garcia's anticipated motion in full. Plaintiff further reserves the right to amend his Complaint to cure any deficiencies, pursuant to FRCP Rule 15. We thank the Court for its consideration of this submission.

---

[4] Defendant treats the "color of law" requirements under the City and State Right to Record Acts as identical, but they are not. Under the City Act, the definition of "officer" expressly includes any special patrolman appointed under N.Y.C. Administrative Code § 14-106, without requiring that the officer's *interference* with recording itself occur under color of law. Instead, the separate definition of "police activities" limits the *right* protected by the Act to recording an officer engaged in activity under color of law. N.Y.C. Admin. Code § 14-189(a). Under the State Act, by contrast, an individual qualifies as an "officer" only if the individual is "engaged in a law enforcement activity," which is defined as activity by an officer acting under color of law. N.Y. Civ. Rights Law § 79-p(1)(a)–(b). Like the City Act, the State Act also limits the right to recording an officer engaged in activity under color of law.

[5] *Reyes v. City of New York*, 2026 NY Slip Op 03914 (N.Y. June 23, 2026) does not assist Garcia. *Reyes* held only that the RTR Acts do not protect recording inside police stationhouse lobbies, expressly declined to define the Acts' full scope, and rested on concerns specific to stationhouses—such as the privacy of victims, witnesses, and informants—none of which applies to a student documenting a protest in his own university.


Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

Respectfully submitted,

**COHEN&GREEN P.L.L.C.**

By: ______________________
Leena M. Widdi
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
leena@femmelaw.com

**GIDEON ORION OLIVER**

______________________
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**THE ABOUSHI LAW FIRM PLLC**

______________________
Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com

*Attorneys for Plaintiff*